**Slip Op. 09-131**

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**ASAHI SEIKO CO., LTD.**,

Plaintiff,

v.

**UNITED STATES**,

Defendant,

and

**THE TIMKEN COMPANY**,

Defendant-Intervenor.

</td><td>

**Before: Timothy C. Stanceu, Judge**

**Court No. 08-00363**

</td></tr>
</table>

## <u>OPINION AND ORDER</u>

[Granting in part and denying in part defendant's motion to dismiss]

Dated: November 16, 2009

Riggle & Craven (*David A. Riggle* and *Shitao Zhu*) for plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Deborah King*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Stewart and Stewart (*Geert M. De Prest*, *Lane S. Hurewitz*, *Terence P. Stewart*, and *William A. Fennell*) for defendant-intervenor.

Stanceu, Judge: Plaintiff Asahi Seiko Co., Ltd. ("Asahi") contests the final determination

("Final Results") of the International Trade Administration, United States Department of

Commerce ("Commerce" or the "Department"), in the periodic administrative reviews of

antidumping duty orders on ball bearings and parts thereof (the "subject merchandise") from

France, Germany, Italy, Japan, and the United Kingdom.  *See Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part,* 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*"); Compl. ¶ 1.  Asahi, a Japanese manufacturer and exporter of subject merchandise, challenges, *inter alia*, the Department's decision not to select Asahi for individual examination, as a result of which Asahi was not assigned a weighted-average dumping margin.  Compl. ¶¶ 3, 26-29.

Defendant moves to dismiss for lack of jurisdiction pursuant to USCIT Rule 12(b)(1), alleging the absence of a case or controversy due to liquidation of all of Asahi's entries of subject merchandise that occurred during the period of review.  Def.'s Mot. to Dismiss & Mot. to Stay Case Pending Resolution of Mot. to Dismiss 1, 4-7 ("Def.'s Mot.").  In the alternative, defendant moves to dismiss pursuant to Rule 12(b)(5) for a failure to state a claim upon which relief can be granted, arguing that Asahi, having withdrawn from the review, failed to exhaust its administrative remedies.  *Id.* at 1, 7-8.  The court concludes that Asahi's claim challenging Commerce's refusal to conduct an individual examination of Asahi raises an actual case or controversy.  The court declines to dismiss this claim on the ground that Asahi failed to exhaust administrative remedies, concluding that resolving the exhaustion issue would require an examination of the administrative record that is beyond the scope of the court's inquiry at this stage of the litigation.  The court dismisses the other claims in Asahi's complaint for lack of standing.

## I. BACKGROUND

Asahi requested that Commerce review its shipments of subject merchandise that were entered or withdrawn from warehouse for consumption during the period May 1, 2006 through April 30, 2007 ("period of review"). *Initiation of Antidumping and Countervailing Duty Admin. Reviews, Request for Revocation in Part & Deferral of Admin. Review*, 72 Fed. Reg. 35,690, 35,692 (June 29, 2007). Commerce initiated the review on June 29, 2007, listing Asahi as one of the companies to be reviewed. *Id.* The following November, Commerce announced that the request for review of Asahi, which Commerce identified as a "self-requestor," had been withdrawn on September 26, 2007, and that Commerce had rescinded the review as to Asahi. *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Notice of Partial Rescission of Antidumping Duty Admin. Reviews*, 72 Fed. Reg. 64,577, 64,578 (Nov. 16, 2007) ("*Rescission Notice*").

Commerce announced in the preliminary results of the review ("Preliminary Results") that, after collecting information on the quantity and value of sales to the United States from the exporters/producers listed in the initiation notice in June and July of 2007, it had decided to examine individually the sales of only two Japanese respondents, JTEKT Corporation ("JTEKT") and NTN Corporation ("NTN"). *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Prelim. Results of Antidumping Duty Admin. Reviews & Intent to Rescind Reviews in Part*, 73 Fed. Reg. 25,654, 25,655 (May 7, 2008) ("*Prelim. Results*"). Commerce preliminarily assigned weighted-average dumping margins of 8.02% and 12.58% to JTEKT and NTN, respectively, and preliminarily assigned to seven non-

selected Japanese respondents a margin of 10.30%, which was a simple average of the weighted-average margins assigned to the examined respondents. *Id.* at 25,661.

In the Final Results, Commerce determined margins of 8.03% and 11.96% for JTEKT and NTN, respectively, and assigned a simple average margin of 10.00% to the seven non-selected Japanese respondents. *Final Results*, 73 Fed. Reg. at 52,825. Asahi states that it filed a case brief on June 17, 2008 and that on July 1, 2008, Commerce heard, and Asahi participated in, oral arguments on the Preliminary Results specific to Japan. Compl. ¶ 10. Neither the Preliminary Results nor the Final Results assigned a margin to Asahi. *Prelim. Results*, 73 Fed. Reg. at 25,661; *Final Results*, 73 Fed. Reg. at 52,825.

## II. DISCUSSION

Asahi's complaint contains four counts. In Count 1, Asahi challenges Commerce's decision to apply to the seven non-selected Japanese respondents an antidumping duty assessment rate calculated as a simple average of the weighted-average margins of the two Japanese respondents that were selected for individual examination. Compl. ¶¶ 14-20; *see Final Results*, 73 Fed. Reg. at 52,825. In Count 2, Asahi claims that "in selecting a sampling technique in this review," Commerce should have, but did not, "consider differences in selling and pricing methods," Compl. ¶ 25, including "significantly different average unit values." *Id.* ¶ 22. Asahi claims that, as a result, the rate selected for respondents was not "reliable, relevant, or reasonable." *Id.* ¶ 24. Count 3 of the complaint claims that Commerce acted unlawfully in refusing to determine a separate antidumping duty assessment rate for Asahi. *Id.* ¶¶ 26-29. Count 4 alleges that Commerce acted contrary to its own policy in deciding not to conduct individual examinations of "non-producing exporters," *i.e.*, "small resellers," *id.* ¶ 31, and in this

way "effectively denied non-producing exporters the right to have a rate based on their own data." *Id.* ¶ 33.

>    A. Asahi Lacks Standing to Assert the Claims in Counts 1, 2, and 4 of its Complaint

To establish standing to bring a claim, Asahi must show that it has suffered an injury in fact, that there is a causal relationship between the injury and the conduct complained of, and that the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Asahi was not among the non-selected Japanese respondents that were assigned the 10.00% rate in the Final Results, and the complaint fails to allege any facts from which the court could conclude that Asahi was affected in any way by that rate or by Commerce's assignment of that rate to companies other than Asahi. *See Final Results*, 73 Fed. Reg. at 52,825. Therefore, Asahi lacks standing to challenge the 10.00% rate or Commerce's decision to apply that rate to the seven non-selected respondents. Accordingly, the court must dismiss Count 1 of the complaint. Count 2 of the complaint fails for the same reason, as the claim stated therein also pertains to the rate that Commerce assigned to the non-selected respondents. *See id.* In Count 4, plaintiff attempts to assert the rights of non-producing exporters to be assigned rates based on an individual examination of the sales of those exporters. Asahi, however, is not a non-producing exporter, and therefore Count 4 also fails for lack of standing. *See* Compl. ¶ 3.

In its remaining claim, which contests the Department's decision not to select Asahi for individual examination, Asahi challenges an agency decision that directly affected it. *See id.* ¶¶ 26-29. For the reasons discussed below, the court concludes that Asahi has standing to bring this claim and that this claim, contrary to defendant's motion to dismiss, is not moot.

B.  Asahi Has Standing for its Remaining Claim, which Presents an Actual Case or Controversy

In support of dismissal, defendant first argues that any of Asahi's entries of subject merchandise made during the period of review that Customs has not liquidated are by now deemed liquidated pursuant to 19 U.S.C. § 1504(d) (2006), and as a result this case is moot. Def.'s Mot. 4-7.  Plaintiff does not contest that its entries are liquidated but responds that the case is not moot because review of its entries would have resulted in a zero or *de minimis* margin, which is relevant to possible revocation of the antidumping duty order as to Asahi.  Pl.'s Resp. to Def.'s Mot. to Dismiss 2-3 ("Pl.'s Resp."); *see* 19 C.F.R. § 351.222(b)(2) (2009) (allowing revocation of an antidumping duty order based on three consecutive zero or *de minimis* margins).  Asahi also points out that it has challenged in another judicial review proceeding the 1.28% margin that Commerce assigned to it in the previous administrative review and that "Asahi believes that its calculated rate of 1.28% will be reduced to zero or *de minimis* upon conclusion of the litigation."  Pl.'s Resp. 2-3.

The court rejects the government's argument that liquidation of Asahi's entries moots this case.  The Court of Appeals for the Federal Circuit ("Court of Appeals") has held that liquidation of entries does not of itself moot a challenge to the final results of an administrative review if the antidumping duty rate determined upon judicial review could affect future revocation of the antidumping duty order.  *Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1341-42 (Fed. Cir. 2008); *see Hylsa, S.A. de C.V. v. United States*, 31 CIT 52, 469 F. Supp. 2d 1341 (2007).  The government argues that "Asahi did not receive a *de minimis* margin in either of the past two reviews in which it participated (the fifteenth and seventeenth reviews)."  Def.'s Mot. 7. However, Asahi need not establish to a certainty that it will be able to achieve revocation.  Asahi

received a low margin in the previous review, 1.28%, of which the court takes judicial notice, which rate could be reduced further upon judicial review in this court. *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Review in Part*, 72 Fed. Reg. 58,053, 58,054 (Oct. 12, 2007). Because a zero or *de minimis* margin could result should Asahi prevail in this action, the court may not dismiss this case on the ground that all of Asahi's entries made during the period of review are liquidated.

Defendant also argues that this case presents no live case or controversy because, Commerce having rescinded the review with respect to Asahi, the Final Results did not cover Asahi. Def.'s Mot. 7. Defendant points out that "Commerce did not calculate an antidumping duty rate for Asahi for the period of review or for use as Asahi's cash deposit rate going forward." *Id.* Defendant concludes from this fact that "Asahi lacks a legally cognizable interest in the outcome" and that "even if this Court were to rule in Asahi's favor and remand the case to Commerce, any changes made in light of the remand could not affect Asahi's antidumping duty rate for entries made during the period of review or cash deposit rate for future entries." *Id.*

Although defendant is correct that the Final Results do not assign Asahi either an individually-determined rate or the rate determined for the non-selected Japanese respondents, the conclusions defendant draws from this fact are unwarranted. Commerce made a determination during this administrative review not to conduct an individual examination of Asahi's sales, a determination that Asahi seeks to have overturned upon judicial review. Because this determination caused an injury in fact by denying Asahi an individual weighted-average dumping margin, which could have been a zero or *de minimis* margin, Asahi has standing to

litigate the remaining claim in its complaint.  Defendant is not correct in asserting that Asahi has no legally cognizable interest in this case.  If Asahi were to succeed in demonstrating that Commerce acted unlawfully in refusing to examine its sales, the court would be required to order a remand to effect an appropriate remedy.  Because such a remand could result in a margin that is beneficial to Asahi in contributing to a possible future revocation of the order as to Asahi, the court considers Asahi to have a stake in the outcome of this litigation.

  C.  The Court Declines to Rule on Issues Pertaining to Exhaustion of Administrative Remedies

Defendant argues that Asahi, having withdrawn from the administrative review, failed to exhaust its administrative remedies.  Def.'s Mot. 7-8.  Although defendant acknowledges that Asahi, during the administrative review, filed a case brief commenting on the issues raised in the complaint, defendant maintains that Commerce did not address those issues because of Asahi's withdrawal and the rescinding of the review with respect to Asahi.  *Id.* at 8.  Defendant argues that "Asahi must have been a respondent in the review to exhaust its administrative remedies." *Id.*

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court considers only "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell*, *Inc.*, 945 F.2d 40, 44 (2d. Cir. 1991).  The court declines to review the administrative record in this case but takes judicial notice of determinations announced in the various Federal Register notices relevant to Asahi's claims, and of the issues and decision memorandum, which is incorporated by reference into the published Final Results.  *Final Results*, 73 Fed. Reg. at 52,824; *Issues & Decision Mem. for the*

*Antidumping Duty Admin. Reviews of Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom for the Period of Review May 1, 2006, through April 30, 2007*. Asahi's withdrawal of its review request and the rescission of the review as to Asahi are apparent from the relevant Federal Register notice. *Rescission Notice*, 72 Fed. Reg. at 64,578. It is equally apparent that Asahi was not assigned a margin in either the Preliminary Results or the Final Results. *Prelim. Results*, 73 Fed. Reg. at 25,661; *Final Results*, 73 Fed. Reg. at 52,825. However, the pleadings in this case, even when supplemented by matters of which the court may take judicial notice, are not sufficient for the court to reach a proper determination on whether Asahi exhausted its administrative remedies or whether a recognized exception to the exhaustion doctrine could apply.[1] At this point in the proceedings, the court need not decide the question of whether a respondent's withdrawal from a review, and the subsequent rescission of the review as to that respondent, necessarily require denial of relief for failure to exhaust administrative remedies. For example, a party participating in a review conceivably could have withdrawn its request for review only after learning that Commerce had not selected it for individual examination and that Commerce would not, under any circumstances, review it as a voluntary respondent under 19 U.S.C. § 1677m(a) (2006). In such a circumstance, it could be argued that further participation would not have resulted in assignment of an individual margin to that party and therefore would have been futile. The court will decide issues relating to exhaustion when adjudicating Asahi's remaining claim on the merits, based on a full consideration of the

---

[1] Recognized exceptions to exhaustion requirement include: (1) argument based on pure question of law, (2) lack of timely access to the confidential record, (3) judicial decision rendered subsequent to the administrative determination materially affecting the issue, or (4) futility. *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT __, __, 601 F. Supp. 2d 1370, 1377 (2009).

administrative record and briefing by the parties.  The court will have the opportunity to do so

after Asahi's filing of a motion for judgment upon the agency record pursuant to USCIT

Rule 56.2.

### III.  CONCLUSION

For the reasons stated in the foregoing, all claims in Counts 1, 2, and 4 of plaintiff's

complaint must be dismissed for lack of standing.  The court will consider issues pertaining to

exhaustion of administrative remedies when adjudicating the claim in Count 3.

### ORDER

Upon consideration of all proceedings and submissions had herein, and upon due

deliberation, it is hereby

**ORDERED** that defendant's motion to dismiss plaintiff's complaint is hereby
GRANTED in part and DENIED in part; it is further

**ORDERED** that all claims in Counts 1, 2, and 4 of the complaint be, and hereby are,
dismissed for lack of standing; it is further

**ORDERED** that the parties, in complying with the court's order of January 23, 2009,
need not, in the proposed briefing schedule and joint status report, address the jurisdictional
issues decided in this Opinion and Order; and it is further

**ORDERED** that the parties specifically shall address in their briefs the issue of whether
the record demonstrates that Asahi exhausted its administrative remedies with respect to the
remaining claim in this case, and the issue of whether any recognized exception to the exhaustion
requirement applies on the record facts.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated:  November 16, 2009
        New York, New York